Requestor: David Avstreih, Esq., Corporation Counsel City of Mount Vernon City Hall Roosevelt Square Mount Vernon, N.Y. 10550
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether an attorney serving as part-time legal counsel to the Mount Vernon Board of Water Supply has a conflict of interests in representing an applicant seeking approvals from the city's planning board and zoning board of appeals in order to subdivide a parcel. You have informed us that if the applicant is granted planning and zoning approvals by the planning board and zoning board of appeals, city regulations would require that the developer enter into an agreement with the city and the Board of Water Supply for required utility easements.
The Board of Water Supply of the City of Mount Vernon was established by Chapter 127 of the Laws of 1911. The commissioners of the Board are appointed by the mayor and their salaries are fixed by the Mount Vernon Common Council. Ch 127, § 1. The commissioners of the Board appoint the Board's officers and adopt by-laws regulating transactions of the Board's business. Ibid. Contracts may be executed upon resolution of the Board and in the Board's name. Ibid. Removal of Board members is by the Common Council of the City of Mount Vernon and vacancies are filled by the mayor. Ibid. The Common Council of the City of Mount Vernon is required to pay the expenses of the Board from city funds raised through taxation of real property in the city. Ch 127, § 20. The Common Council is empowered to borrow upon the credit of the city sums necessary to enable the Board to carry out its powers. Ch 127, § 12. Judgments against the Board of Water Supply are deemed judgments against the City of Mount Vernon. Ch 127, § 22.
Generally, the function of the Board is to assess the need for and plan the supply of water for the City of Mount Vernon. Ch 127, § 2. The assessment of need must be approved and adopted by the Common Council of the City of Mount Vernon. Ch 127, § 3.
Thus, the Mount Vernon Board of Water Supply functions primarily as a part of city government with some independent authority. For budgetary, financing and liability purposes, the Board is treated the same as any other agency of city government.
Section 805-a(d) of the General Municipal Law prohibits a municipal officer or employee from receiving or entering into any agreement for compensation for services to be rendered in relation to any matter beforeany agency of his municipality where his compensation is dependent or contingent upon any action by the agency. In our view, the attorney's role as counsel to the Mount Vernon Board of Water Supply would prohibit him from representing the applicant before the planning board or zoning board of appeals where he is to be compensated on a contingent basis. Under section 805-a(c), a municipal officer or employee is prohibited from entering into any agreement for compensation for services to be rendered in relation to any matter before a municipal agency which he serves as an officer, member or employee. This provision would prohibit the attorney from representing the applicant before the Mount Vernon Board of Water Supply.
We note that a municipality, as a part of its code of ethics, may include more stringent requirements. Thus, for example, a code of ethics might prohibit a municipal officer or employee from making a compensated appearance before any agency of the municipality. I suggest that you review your local code of ethics to determine whether any provisions are relevant to the question at hand.
Even if the above provisions do not prohibit the representation of this applicant by the counsel before the planning board or zoning board of appeals, in our view such representation is inappropriate. If the necessary planning board and zoning board of appeals approvals are obtained, the Board of Water Supply must determine applications for required utility easements. In our judgment, the attorney's representation of the applicant before the zoning board of appeals and planning board would create at least an appearance of impropriety when the applicant appears before the Board of Water Supply for approval of easements. The Board would be faced with reviewing an applicant who had already been represented by their own counsel in appearances before the planning board and zoning board of appeals.
We conclude that the counsel to the Mount Vernon Board of Water Supply may not represent a developer in applications for subdivision approval before the planning board and zoning board of appeals of the city.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.